**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Colleen Abendano,<br><br>               Plaintiff,<br><br>v.<br><br>Hayden, Town of,<br><br>               Defendant. | No. CV-14-01104-PHX-DGC<br><br>**ORDER** |

Defendant has filed a motion for partial dismissal of Plaintiff Colleen Abendano's complaint. Doc. 9. The motion is fully briefed and no party has requested oral argument. The Court will grant the motion in part and deny it in part.

**I.    Background.**

Plaintiff was formerly employed by Defendant Town of Hayden as a police officer. Plaintiff was terminated on October 8, 2013. Plaintiff alleges that her termination arose out of a meeting she had with Town Manager Bill Leister on November 4, 2011 to discuss "concerns over the mismanagement of police records and possible theft of department monies by a Town official." Doc. 12, ¶ 4. She contends that the Town did not investigate her allegations but "instead set on a course of illegal retaliation and reprisal" which culminated in her termination. *Id.*

Plaintiff contends that Police Chief Gillen recommended on December 4, 2012 that she be terminated, and that she was notified on December 21, 2012 by Leister that he concurred with the recommendation. *Id.*, ¶¶ 9-10. The Town Council did not approve

these recommendations. *Id.*, ¶ 11. Plaintiff alleges that she was then instructed by Chief Gillen to undergo a firearms qualification test. *Id.*, ¶ 12. Plaintiff was told that she had failed the test and contends that she was neither provided with a written evaluation nor allowed to view her targets. *Id.*, ¶¶ 12-13. After allegedly failing the test two more times, Plaintiff was notified by Chief Gillen that he was recommending that she be terminated immediately. *Id.*, ¶¶ 14, 21. She received a letter from Leister on October 8, 2013 informing her that she was terminated, although she contends that neither Leister nor Chief Gillen had the authority to terminate her. *Id.*, ¶ 23. An appeal hearing was held before the Town Council on February 28, 2014. *Id.*, ¶ 26. Plaintiff alleges that the Town violated A.R.S. § 38-1101(E) and (G) by failing to provide her with its exhibits and witnesses at least ten business days before the hearing and then allowing that evidence to be admitted during the hearing. *Id.*, ¶¶ 27-28.

Plaintiff filed a complaint in Gila County Superior Court on April 30, 2014, seeking special action review of the Town's action and asserting a claim pursuant to 42 U.S.C. § 1983 for violation of her procedural and substantive due process rights. Defendant removed the case to this Court.

**II.     Legal Standard.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at

556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**III. Analysis.**

**A. Timeliness.**

Defendant first argues that Plaintiff's special action is untimely. Doc. 9 at 2. The Court does not agree. None of Defendant's cited authority establishes a clear rule applicable to this case.

Defendant first asserts that the Arizona Supreme Court in *Felix v. Superior Court*, 375 P.2d 730, 732 (Ariz. 1962), "held that 'in the absence of a statutory time to file a petition [for special action], the normal period granted to file an appeal will apply to bar the remedy of certiorari unless circumstances of extraordinary character justifying the delay are shown." Doc. 9 at 2. But *Felix* dealt with a petition for certiorari filed in the Arizona Supreme Court, not a special action filed in superior court. *Felix*, 375 P.2d at 732. Nothing in *Felix* would make Plaintiff's special action petition untimely.

Defendant contends that *State v. Mahoney*, 542 P.2d 410 (Ariz. Ct. App. 1975), "dictates that Plaintiff was required to comply with the 30-day deadline for civil appeals." Doc. 9 at 2. But *Mahoney* was a special action involving a *criminal* matter. 542 P.2d at 411. The court held "that when a criminal prosecution is dismissed, the 20-day period for taking an appeal will likewise apply unless circumstances justifying the delay are shown." *Id.* at 412. This case does not involve the dismissal of a criminal prosecution and is therefore inapposite.

Also unavailing is Defendant's argument that Plaintiff's special action is barred by Rule 7(i) of the Arizona Rules of Procedure for Special Actions, which states that the Arizona Rules of Civil Appellate Procedure apply to the extent they are not inconsistent with the special action rules. Doc. 9 at 3. Rule 7 does not apply to actions filed in the superior court. The title of Rule 7 is "Special Appellate Court Procedures." Ariz. R. P. Spec. Act. 7. The Arizona Court of Appeals has made clear that when the Rules of

Procedure for Special Actions are read as a whole, "the term 'appellate court' does not include superior courts functioning in their capacity to hear special actions that are functionally appeals." *Rash v. Town of Mammoth*, 315 P.3d 1234, 1238 (Ariz. Ct. App. 2013). The *Rash* court noted that the "drafters of the special action rules . . . have distinguished the 'Superior Court' or 'lower court' from an 'appellate court,'" and that Rule 7 does not establish procedures for superior courts acting in an appellate capacity, but rather "the provisions of Rule 7 instead set out additional and more specific procedures for special actions filed in appellate courts, i.e., the court of appeals or the supreme court." *Id.*

Defendant's cited authorities are well off-point. Defense counsel should exercise more care in future arguments to the Court. The Court will deny Defendant's motion to dismiss on this ground.

### B. Post-Termination Due Process Claim.

Defendant argues that Plaintiff's claim that it deprived her of her post-termination due process rights should be dismissed because her complaint "is devoid of factual allegations demonstrating that the Town deprived Plaintiff of any constitutionally protected procedural or substantive rights." Doc. 9 at 5. Defendant further argues that Plaintiff "has failed to allege any facts that would support a constitutionally protected interest in the Town's compliance with state or local statutes or procedures[.]" *Id.* at 6. Defendant cites *Campbell v. Burt*, 141 F.3d 927, 930 (9th Cir. 1998), for the proposition that "[a]s a general rule, a violation of state law does not lead to liability under § 1983."

Plaintiff argues that A.R.S. § 38-1101(E) establishes procedural requirements for appeals of disciplinary actions by law enforcement officers, and "required [Defendant] to submit its witnesses and exhibits to [Plaintiff] at least ten days before her hearing." Doc. 10 at 9. Plaintiff contends that Defendant submitted its witnesses and exhibits only four days before the hearing and that she was deprived "of a meaningful opportunity to respond to [Defendant]'s allegations at the hearing" – a denial of due process. *Id.* at 9.

The parties agree that due process requires that an employee "be given notice and

1   an opportunity to be heard at a meaningful time and in a meaningful manner." *Vanelli v.*
2   *Reynolds Sch. Dist. No. 7*, 667 F.2d 773, 779-80 (9th Cir. 1982) (internal quotation marks
3   and citation omitted).  Plaintiff alleges that Defendant "failed to provide [her] with an
4   adequate post-termination hearing" and "with adequate notice and opportunity to respond
5   to the allegations against her as required by law."  Doc. 12, ¶¶ 46, 48.  But Defendant is
6   correct that a failure to comply with state procedural law is not the equivalent of denying
7   due process.  If state procedures rise above the floor set by the due process clause, a state
8   can fail to follow its own procedures and yet still afford sufficient process to survive
9   constitutional scrutiny.  *Walker v. Summer*, 14 F.3d 1415, 1420 (9th Cir. 1994).  Plaintiff
10  alleges only that Defendant failed to provide her the notice required by A.R.S. § 38-
11  1101(E) and (G).  She does not allege that Defendant failed to provide her with notice of
12  the reasons for her termination, the evidence to be presented at the review hearing, or an
13  opportunity to be heard.  And she alleges no other facts showing that she was denied the
14  fundamental fairness required by due process.

15  The Court will grant Defendant's motion to dismiss Plaintiff's § 1983 claim as to
16  the post-termination hearing.

17  **IT IS ORDERED** that Defendant's motion for partial dismissal (Doc. 9) is
18  **granted in part and denied in part** as set forth above.

19  Dated this 12th day of August, 2014.

_____
David G. Campbell
United States District Judge